UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Luan Pham Doan<br><br>    Plaintiff,<br><br>vs.<br><br>Doe Defendant "1" a/k/a "Tina", Doe Defendant "2" who designed, created and controlled Albsursum.com; Doe Defendant "3" who designed, created and controlled "Odensa.com"; and John Doe Defendants 4-9 and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:<br><br>Gate.io:<br><br>0x14f97447e213fab6ad5e8e0a51a0c9930cdf1d4d<br>0x89ec49a1a5dde8ce46a27da9f433d2eadfb4a179<br><br>OKX:<br><br>0x8329dfed7ca686e1e4227af4491aa9fc92ed9dfe<br>0x3ec8ab0f225061fc963d4759fec5d5232ea049d3<br>0xAc51ffa7048190233dafc13ea5f6ff97205fccd1<br>0x559432e18b281731c054cd703d4b49872be4ed53<br><br>    Defendants. | Case No.: 4:25-cv-03097 |

**PLAINTIFF LUAN PHAM DOAN'S MOTION FOR ORDER AUTHORIZING ALTERNTIVE SERVICE PROCESS ON FOREIGN DEFEDANTS PURSUAN TO RULE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT**

    COMES NOW, Plaintiff, Luan Pham Doan, by and through the undersigned counsel of record in the above-styled case, and hereby moves this Honorable Court, pursuant to Fed. R. Civ. P. 4(f)(3), for an order authorizing alternate service of process on Defendant "1" a/k/a "Tina", Doe Defendant "2" who designed, created and controlled Albsursum.com, Doe Defendant "3" who

1

designed, created and controlled "Odensa.com, and John Doe defendants 4-9, as yet unidentified Individuals, Business Entities, and/or Unincorporated Associations (collectively "Defendants"), who are cohorts of Defendant "1" and who are the owners of the following cryptocurrency wallets where Plaintiff's stolen cryptocurrency assets were transferred:

- **Gate.io Wallet Addresses:**
  - 0x14f97447e213fab6ad5e8e0a51a0c9930cdf1d4d
  - 0x89ec49a1a5dde8ce46a27da9f433d2eadfb4a179
- **OKX Wallet Addresses:**
  - 0x8329dfed7ca686e1e4227af4491aa9fc92ed9dfe
  - 0x3ec8ab0f225061fc963d4759fec5d5232ea049d3
  - 0xAc51ffa7048190233dafc13ea5f6ff97205fccd1
  - 0x559432e18b281731c054cd703d4b49872be4ed53

As set for in the Plaintiff's Complaint, Plaintiff is the victim of a sophisticated cryptocurrency scam known as "pig butchering," which resulted in the significant loss of his assets. (Doc. No. 1 at ¶¶ 15-39.) Defendant "1" misrepresented to the Plaintiff that her name was "Tina," that she was originally from Singapore and that she was residing in New York City, New York. (*Id*. at ¶ 7). Due to the nature of the pig butchering scan, which are typically directed from Southeast Asia, Plaintiff was not able to identify the true identities of the Defendants or their location when he filed his lawsuit. (Doc. No. 1 at ¶¶ 15-39.)

While the Plaintiff has been unable to uncover the true identities of Defendants, Plaintiff has obtained the following information about the Defendants:

- Cryptocurrency wallet addresses used to steal Plaintiff's funds (Doc. No. 1 at ¶ 9.);

I.   **INTRODUCTION.**

As set forth in Plaintiff's Complaint, Defendants stole more that $10,000,000 (USD) from the Plaintiff pursuant to sophisticated global internet investment and cryptocurrency fraud and conversion scheme. (Doc. No. 1 at ¶ 1.) Plaintiff traced the stolen cryptocurrency to the identified wallets at two (2) exchanges: Gate.io and OKX. (*Id*. at ¶ 9.) Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff hereby respectfully requests an order authorizing service of process on Defendants via digital methods available, including (1) Non-Fungible Token ("NFT") electronic transfer to Defendants' crypto-currency wallet addresses, (2) publication via website posting, and (3) direct message to Defendants' WhatsApp Phone numbers. Alternate service by these methods is appropriate, necessary, and reasonably calculated to give Defendants notice of this action, because Defendants operate their global internet cryptocurrency fraud and conversion scheme via cryptocurrency blockchain electronic technology. Defendants rely on these electronic technologies to carry out their unlawful communications and transfers.

Plaintiff has the ability to contact Defendants directly and provide notice of Plaintiff's claims against them electronically via NFT, service by publication via website posting, and through direct message to Defendants' WhatsApp phone numbers. Plaintiff respectfully submits that an order allowing service of process and service of all filings via these methods will benefit all parties and the Court by enabling summons to be issued, ensuring Defendants receive notice of the pendency of this action, as well as any upcoming hearings and court deadlines, allowing this action to move forward.

Absent the ability to serve through these alternative methods, Plaintiff will almost certainly be left without the ability to pursue a remedy.

II.   **STATEMENT OF FACTS.**

a.  **Defendants Have Valid Means of Electronic Contact.**

Defendants are foreign individuals, business entities and/or unincorporated associations and companies operating a sophisticated global internet cryptocurrency fraud and conversion scheme. Defendants used cryptocurrency blockchain technology, WhatsApp direct message, and cryptocurrency deposit wallets to carry out their elaborate theft of Plaintiff's assets. Defendants used these electronic means of communication and the blockchain to convert cryptocurrency from victims in the United States, including Plaintiff. Plaintiff has tracked his stolen cryptocurrency to Defendants' crypto Wallets.

As a practical matter, the very mechanisms Defendants use to communicate, carry out their scam, and misappropriate and transfer cryptocurrency provides the most reliable nexus to effect service.

As such, Plaintiff respectfully requests leave to serve Defendants via Non-Fungible Token ("NFT") electronic transfer to Defendants' crypto-currency wallet addresses and via direct message to Defendants' WhatsApp phone numbers, both methods including a hyperlink to Plaintiff's service website (service by publication).

**b. Service via NFT to Defendants' Crypto Wallets on the Blockchain.**

Non-Fungible Tokens ("NFTs") were created as an alternative to traditional "fungible" digital assets, such as cryptocurrencies, and may be transferred using blockchain technology.[1] "The concept of a Non-Fungible Token is essentially a digital certificate of authenticity that cannot be replicated." *Id*. "The process of authentication is also provided by the underlying features of the blockchain technology. This allows traceability within the ledger as all the transactions are historically registered and stored within the blocks of data." *Id*. Because NFTs are "non-fungible" they can be used to represent ownership of a wide variety of properties and property rights, from

---

[1] A D Popescu, Non-Fungible Tokens (NFT) – Innovation beyond the craze. Proceedings of Engineering & Technology – PET - Vol 6 (2021).

ownership of unique collectible virtual items (collectible NFTs) to ownership of physical or real property. *Id.*

Plaintiff intends to mint an NFT ("Plaintiff's NFT") and has already created a service website to view pleadings and orders filed in this case ("Plaintiff's Website"). Plaintiff's NFT contains (a) a notice of this action with Summons language, and (b) the website address to Plaintiff's Website located at the Uniform Resource Locator (URL): https://usdccourtservice.com/cv-03097/. Plaintiff's Website contains a notice of this action and contains hyperlinks to all filing and orders in this action. *Id.*

Because NFTs are transferred via the blockchain, it is possible for Plaintiff to send the NFT to the Defendants' blockchain (crypto ledger) wallet addresses where Defendants are holding Plaintiff's stolen cryptocurrency. Just as a party might serve a Summons and Complaint by e-mail, Plaintiff can serve the Summons and Complaint via NFT transfer.

To supplement NFT service, Plaintiff's Website will allow Defendants to access copies of all documents filed in this action. The URL website address to Plaintiff's Website will appear in the NFT. In this manner, Defendants will receive notice via two methods (the NFT direct to Defendants' personal cryptocurrency deposit wallets and service by publication to Plaintiff's service website). Defendants thus will be able to access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

c. **Service via Direct Message to Defendants' WhatsApp Phone Numbers**

In addition to service through Plaintiff's NFT, Plaintiff also intends to serve Defendants through WhatsApp, a widely used encrypted messaging application owned by Meta Platforms, Inc. Courts have recognized that electronic service through messaging platforms, including WhatsApp, may constitute valid service where it is reasonably calculated to provide notice to the

defendant and no international agreement prohibits such service. *See Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016–17 (9th Cir. 2002) (approving service of process by electronic means where defendants could not otherwise be served); *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) (approving service by email and Facebook); *WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817 (E.D. Va. Feb. 20, 2014) (authorizing service by Facebook and LinkedIn); *Blum v. Doe, et al.*, No. 3:23cv24734 (N.D.Fla. December 17, 2023) (authorizing NFT and WhatsApp service).

Plaintiff possesses the WhatsApp phone numbers Defendants used to perpetrate the scam. Because Defendants actively use these phone numbers in connection with their financial and digital asset activities, serving process through WhatsApp is reasonably calculated to apprise them of the pendency of this action and afford them an opportunity to respond.

Accordingly, service upon Defendants' WhatsApp phone numbers, in conjunction with service via NFT to Defendants' cryptocurrency wallets and Plaintiff's Website, provides multiple redundant methods designed to ensure actual notice, consistent with due process requirements under Federal Rule of Civil Procedure 4(f)(3).

### III. ARGUMENT

Service of a foreign defendant must comply with both constitutional due processes notice requirements and Rule 4(f) of the Federal Rules of Civil Procedure. *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020) (citing *WhosHere, Inc. v. Orun*, 2014 WL 670817, at *2 (E.D. Va. Feb. 20. 2014)). To satisfy due process, the method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Terrestrial Comms LLC* 2020 WL 3270832, at *3 (quoting

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652 (1950)).

Rule 4(f) governs service of process on an individual in a foreign country and provides three mechanisms of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means. or if an international agreement allows but does not specify other means. by [certain specified methods outlined in the Rule] reasonably calculated to give notice ... : or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)—(3).

"Rule 4(f) does not denote any hierarchy or preference of one method of service over another, and permitting service by alternative means is neither a last resort nor extraordinary relief." *Document Operations LLC v. AOS Legal Techs.*, 4:20-CV-1532, 2020 WL 6685488 (S.D. Tex. Nov. 12, 2020) (citing *Enovative Techs., LLC v. Leor,* 622 Fed.Appx. 212 (4th Cir.2015); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *see e.g., SIMO Holdings, Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 2:20-CV-00003-JRG, 2021 WL 3493168 (E.D. Tex. Mar. 16, 2021). As such, "when applying Rule 4(f)(3), the Court can order any means of service "so long as it provides reasonable assurance that defendant will be notified of the lawsuit and is not prohibited by international agreement." *Id.* (citations omitted). "Ultimately, the decision whether to order alternative service of process under Rule 4(f)(3) is within the sound discretion of the court." *Id.* (citations omitted).

Moreover, "alternate service pursuant to Rule 4(f)(3) is appropriate when, for example, 'there is a need for speed that cannot be met by following the Hague Convention methods.'" *Document Operations LLC v. AOS Legal Techs.*, 4:20-CV-1532, 2020 WL 6685488, at *3 (S.D. Tex. Nov. 12, 2020) (quoting *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (granting

7

motion for alternative service via e-mail)).

Here, alternate service of process via (1) Non-Fungible Token ("NFT") electronic transfer to Defendants' crypto-currency wallet addresses, (2) publication via website posting, and (3) via direct message to Defendants' WhatsApp accounts would comply with both constitutional due process notice requirements and Rule 4(f). Plaintiff's proposed service methods are reasonably calculated to give notice, given that Defendants rely on these electronic media for the operation of their global cryptocurrency fraud and conversion scheme and used these methods to communicate with and defraud Plaintiff. Moreover, as set forth below, service in this manner is not prohibited by international agreement.

> a. **Plaintiff's Proposed Methods of Alternative Service Will Provide Defendants With Notice Reasonably Calculated to Apprise Defendants of the Pendency of this Action.**

Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mighty Mug, Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, 1:22-CV-00100, 2022 WL 22870183 (W.D. Tex. Mar. 2, 2022) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. at 314). Accordingly, federal courts have allowed a variety of electronic alternative service methods where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action.

> b. **Defendants Have Used These Electronic Means to Communicate with Plaintiff and Execute their Cryptocurrency Theft Scheme.**

Where, as here, a Defendant has used electronic channels of communication, federal courts have authorized alternative service using those same methods of communication. *See, e.g.*, *Mighty Mug, Inc. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*,

at *2 (permitting alternative service via email and website posting where Defendant used these electronic methods); *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 721 (Bankr. N.D. Ga. 2000*)* ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); *National Association for Stock Car Auto Racing, Inc. v. Does*, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) ("acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [plaintiff's website]."). *Rio Props., Inc.,* 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable").

Here, Defendants communicated with Plaintiff and carried out their unlawful cryptocurrency theft scheme via electronic means including (1) the blockchain where Plaintiff's stolen cryptocurrency was transferred and is currently housed in Defendants' crypto wallets, i.e., the addresses used to defraud Plaintiff, (2) via internet websites, and (3) e-mail. Thus, service via these electronic means is the most reliable method of providing Defendants with notice and will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. *See Rio Props., Inc.,* 284 F.3d at 1017 (permitting e-mail service because "it was the method of service most likely to reach [the defendant]."); *see also Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts") (citation omitted). These means of contact are not just effective, but the

*most* reliable means of communicating with the Defendants, and consequently, the most reliable means of providing Defendants with notice of this action. Moreover, service by posting on Plaintiff's Website will be an additional source of reliability, as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser.

      **c. Federal Courts Have Authorized Alternative Service Via Plaintiffs' Proposed Electronic Means.**

Federal courts have authorized alternate service via blockchain transfer of plaintiffs' NFTs to Defendants' crypto wallets and website posting in factually similar cases involving cryptocurrency theft and pig butchering schemes in which the defendants' true identities were unknown. *See, e.g.*, *Ohlin v. Selina*, No. 3:23cv8856-TKW-HTC, Order Extending Temporary Restraining Order, Doc. No. 9, (N.D. FL. June 8, 2023.); *Blum v. Doe*, No. 3:23cv24734-MCR-HTC, Order, Doc. No. 10, (N.D. FL. Dec. 17, 2023.); *Lin v. Doe, et al.,* No. 2:23cv05878-GGG-KWR, Order, Doc. No. 13, (E.D. LA. Dec. 8, 2023); *Phillips v. Defendant 1, et al.*, No. 1:24-cv-07511, Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Rule 4(f)(3), Doc. No. 10 (N. D. IL. Oct. 2, 2024); *Chow v. Defendant 1, et al.*, No. 2:24-cv-00480-DJP-DPC Doc., Order and Reasons, Doc. No. 15 (E.D. LA. Apr. 19, 2024).

Even outside of the crypto theft context, federal courts across the country and in this District have allowed for alternative forms of service via electronic means, such as social media sites, e-mail, and website posting. *See, e.g.*, *Lipenga v. Kambalame*, No. GJH-14-3980, 2015 WL 9484473, at *2 (permitting service via Facebook message and finding "no evidence that alternate service by email and social media websites is prohibited by international agreement"); *WhosHere, Inc. v. Orun*, 2014 WL 670817, at *5 (permitting service via LinkedIn, Facebook message, and email); *National Association for Stock Car Auto Racing, Inc.,* 584 F. Supp. 2d at 826 (permitting

service via website posting); *Viahart, L.L.C. v. GangPeng*, 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022) (permitting service via e-mail).

As stated above, Plaintiff created Plaintiff's Website where Plaintiff will post links to copies of the Summons, Complaint, and other filings and Orders in this action. Plaintiff proposes that Plaintiff's Website address will be provided to Defendants via the NFT transfer to Defendants' Crypto Wallets, via direct message to Defendants' WhatsApp phone numbers, and via publication to Plaintiff's service website.

Plaintiff respectfully submits that alternative service as described herein will provide notice to Defendants sufficient to meet the due process requirements for service of process pursuant to F. R. Civ. P. Rule 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interested parties an opportunity to present their answers and objections.

## IV. Conclusion.

For the foregoing reasons, Plaintiff respectfully requests this Court grant the present motion and authorize service of the Summons and Complaint in this matter upon each Defendant in this action:

(1) Via blockchain transfer of Plaintiff's NFT to Defendants' Crypto Wallet addresses (providing Notice, Summons language, and Plaintiff's Website address https://usdccourtservice.com/cv-03097/;

(2) Via direct message to Defendants WhatsApp accounts to +1(646)732-3482, +1(202)271-0798, and +1(870)732-3482;

(3) Via website posting by posting a copy of the Summons, Complaint, and all filings in this matter on Plaintiff's Website appearing at the URL https://usdccourtservice.com/cv-03097/.

Dated this_____, 2025.        Respectfully submitted,

11

By: */s/ Marshal J. Hoda*
Marshal J. Hoda, Esq.
Tx. Bar No. 24110009
**THE HODA LAW FIRM, PLLC**
3120 Southwest Fwy Ste. 101 PMB 51811
Houston, TX 77098
Telephone: 832-848-0036
marshal@thehodalawfirm.com

and

*/s/ Reagan Charleston Thomas*
Reagan Charleston Thomas
LA Bar No. 38522
**AYLSTOCK, WITKIN,**
**KREIS & OVERHOLTZ, PLLC**
Email: rthomas@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system. Additionally, a true and correct copy was uploaded to the Plaintiff's Service Website (https://usdccourtservice.com/cv-04769/).

Respectfully Submitted,

*/s/ Reagan Charleston Thomas*
Reagan Charleston Thomas, Esq.
*Attorney-in-Charge*
*(Admitted Pro Hac Vice)*
La. Bar No. 38522
**AYLSTOCK, WITKIN,**
**KREIS & OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Fax: 850-916-7449
rthomas@awkolaw.com