Case 4:25-cv-03097   Document 12   Filed on 09/18/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
September 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Luan Pham Doan<br><br>　　　Plaintiff,<br><br>vs.<br><br>Doe Defendant "1" a/k/a "Tina", Doe Defendant "2" who designed, created and controlled Albsursum.com; Doe Defendant "3" who designed, created and controlled "Odensa.com"; and John Doe Defendants 4-9 and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:<br><br>Gate.io:<br><br>0x14f97447e213fab6ad5e8e0a51a0c9930cdf1d4d<br>0x89ec49a1a5dde8ce46a27da9f433d2eadfb4a179<br><br>OKX:<br><br>0x8329dfed7ca686e1e4227af4491aa9fc92ed9dfe<br>0x3ec8ab0f225061fc963d4759fec5d5232ea049d3<br>0xAc51ffa7048190233dafc13ea5f6ff97205fccd1<br>0x559432e18b281731c054cd703d4b49872be4ed53<br><br>　　　Defendants. | Case No.: 4:25-cv-03097.<br><br>**<u>ORDER GRANTING EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ASSET FREEZE WITHOUT NOTICE AGAINST DEFENDANT CRYPTOCURRENCY WALLETS</u>** |

　　　The Court finds, pursuant to Federal Rule of Civil Procedure 65 and the factors articulated in *Moore v. Brown*, 868 F.3d 398 (5th Cir. 2017), that Plaintiff has demonstrated:

a) A substantial likelihood of success on the merits;
b) A substantial threat of irreparable harm in the absence of immediate injunctive relief, including risk of dissipation of cryptocurrency assets;
c) That the threatened injury to Plaintiff outweighs any potential harm to Defendants from the temporary freeze; and,
d) That entry of the restraining order serves the public interest, including protection of defrauded investors and integrity of recoverable assets.

　　　The Court further finds that immediate relief is warranted ex parte under Rule 65(b) given the

unique dissipation risks and difficulty of providing timely notice to Defendants, whose identities and locations remain unknown, consistent with the reasoning in *Harris v. Upwintrade*, 1:24-cv-00313-MJT (E.D. Tex. Aug. 8, 2024) (granting TRO in analogous cryptocurrency fraud circumstances).

Accordingly, it is **ORDERED** that Defendants and those acting in concert with them are temporarily restrained and enjoined from transferring, alienating, dissipating, or otherwise affecting any cryptocurrency held in the wallet addresses identified in Plaintiff's motion pending further order of the Court.

The Court sets a hearing on Plaintiff's motion for preliminary injunction for October 2, 2025 at 3:30 p.m., at which Defendants shall show cause why this Temporary Restraining Order should not remain in effect throughout the pendency of the action.

**SO ORDERED.**

**Dated:** September 18, 2025

_____
GEORGE C. HANKS, JR
UNITED STATES DISTRICT JUDGE