UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Luan Pham Doan<br><br>    Plaintiff,<br><br>vs.<br><br>Doe Defendant "1" a/k/a "Tina", Doe Defendant "2" who designed, created and controlled Albsursum.com; Doe Defendant "3" who designed, created and controlled "Odensa.com"; and John Doe Defendants 4-9 and are the owners of the following cryptocurrency deposit wallets where Plaintiff's stolen cryptocurrency assets were transferred:<br><br>Gate.io:<br><br>0x14f97447e213fab6ad5e8e0a51a0c9930cdf1d4d<br>0x89ec49a1a5dde8ce46a27da9f433d2eadfb4a179<br><br>OKX:<br><br>0x8329dfed7ca686e1e4227af4491aa9fc92ed9dfe<br>0x3ec8ab0f225061fc963d4759fec5d5232ea049d3<br>0xAc51ffa7048190233dafc13ea5f6ff97205fccd1<br>0x559432e18b281731c054cd703d4b49872be4ed53<br><br>    Defendants. | Case No.: 4:25-cv-03097 |

**ORDER AUTHORIZING SERVICE PROCESS ON FOREIGN DEFEDANTS PURSUAN TO RULE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Luan Pham Doan, (hereinafter, "Plaintiff") has filed a Motion for Order Authorizing Alternative Service of Process on Foreign Defendants[1] pursuant to Rule 4(f)(3). ECF

---

[1] Plaintiff does not know the true identities of the Defendants but believes they are foreign nationals. ECF No. 1.

1

No. 11 ("Motion"). On consideration, the Motion is GRANTED.

## I. BACKGROUND

According to the Verified Complaint, Plaintiff lost more than $10,000,000 from fraudulent cryptocurrency transfers into Defendants' private cryptocurrency wallets addresses (collectively "Destination Addresses") after Defendant 1 fraudulently represented that she was a cryptocurrency investor who would assist Plaintiff in investing his cryptocurrency. ECF No. 1 ¶¶ 24-39. Relying on Defendants' misrepresentations, Plaintiff believed he was utilizing a legitimate and regulated cryptocurrency exchange website but instead, accessed and ultimately transferred his cryptocurrency assets to a fraudulent website that facilitated the transfer of Plaintiff's cryptocurrency assets into Defendants' Destination Addresses.[2]

While Plaintiff does not know the physical addresses of Defendants, let alone their true identities, based off of the Defendants' scheme which bears unmistakable characteristics of a pig-butchering scam. In light of the above, Plaintiff filed the instant Motion seeking to serve Defendants via NFT electronic transfers, direct message to Defendants' WhatsApp accounts, and service by publication (web posting to Plaintiff's Service Website). ECF No. 11.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. *See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923(11th Cir. 2003); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, Case No. 05-CIV-

---

[2] According to the Verified Complaint, Plaintiff retained CoinStructive, LLC (hereinafter, "CoinStructive"), a forensic cryptocurrency tracing expert, to trace the stolen assets. ECF No. 1 at ¶ 41. Plaintiff has attached CoinStructive tracing report containing the Destination Addresses to the Verified Complaint and incorporated it by reference. *See* ECF No. 1-1.

21962, 2007 WL 1577771, at 2 (S.D. Fla. May 31, 2007); *Rio Props. Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002). "[A]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Chanel, Inc. v. Zhixian,* Case No. 10-cv-60585-JIC, 2010 WL 1740695, at 3 (S.D. Fla. April 29, 2010) (quoting *Rio Props., Inc.,* 284 F.3d at 1014 and citing *Mayoral–Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998).).

The plain language of Rule 4(f)(3) reflects that an order allowing an alternate means of service lies within the sole discretion of the District Court. *See Prewitt Enters., Inc.*, 353 F.3d at 921; *Rio Props., Inc.,* 284 F.3d at 1116; *see, e.g.*, Brookshire Bros., Ltd., 2007 WL 1577771, at 2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). *Rio Props., Inc.,* 284 F.3d at 1114-15; *see also Brookshire Bros., Ltd.*, 2007 WL 1577771, at 1. In *Brookshire,* the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Brookshire Bros., Ltd.,* 2007 WL 1577771, at 1 (quoting *Rio Props., Inc.,* 284 F.3d at 1015).

*Accord TracFone Wireless, Inc. v. Bitton,* 278 F.R.D. 687, 692 (S.D. Fla. Jan. 11, 2012) (noting that, in regard to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or" are meant to be read as a hierarchy."). Judge Cooke further held: "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." *Brookshire Bros., Ltd.,* 2007 WL 1577771, at 2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way. Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.,* 2007 WL 1577771, at 1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *see also TracFone Wireless, Inc.,* 278 F.R.D. at 692; *Rio Props., Inc.,* 284 F.3d at 1016. Accordingly, federal courts have allowed a variety of alternative service methods, for example service by e-mail where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. *See, e.g., Rio Props., Inc.,* 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); *In re Int'l Telemedia Assocs.,* 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); *National Association for Stock Car Auto Racing, Inc. v. Does,* 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [plaintiff's website].").

**III. DISCUSSION**

Plaintiff proposes to serve Defendants via NFT electronic transfer, e-mail, and web postings. ECF No. 9. Moreover, Defendants perpetrated their alleged theft electronically on the blockchain where they transferred Plaintiff's assets to their Destination Wallets. With no other means of finding Defendants, the Court finds that service via NFT electronic transfer and web posting are the reliable means to provide Defendants notice of this action.

Courts presiding over cases with substantially similar facts have authorized alternate service by similar methods. *Yogaratnam v. Doe, et al.*, No. 2:24-cv-00393 (E.D. La. – Filed February 15, 2024); *Yogaratnam* involved the theft of $294,215.00 worth of various cryptocurrencies. U.S. District Court Judge Nannette Jolivette Brown granted Plaintiff's Motion for Alternative Service, authorizing Plaintiff to serve Defendants via NFT and service website posting. *Id. See also Lin v. Defendant "1", et al.*, No. 2:23-cv-05878-GGG-KWR (E.D. La. December 8, 2023); *Lin* involved the theft of $2,592,728.73 worth of various cryptocurrencies. U.S. District Court Judge Greg Gerard Guidry granted Plaintiff's Motion for Alternative Service, authorizing Plaintiff to serve Defendants via NFT and service website posting. *Id. See also Ohlin v. Defendant "1"*, No. 3:23CV8856-TKW-HTC, 2023 WL 4084523. (N.D. Fla. June 8, 2023); *Ohlin* involved the theft of $862,318.73 worth of various cryptocurrencies. U.S. District Court Judge Wetherell II granted plaintiff's *ore tenus* motion to serve defendants with the summons, amended complaint and notice of the hearing to convert the temporary restraining order to a preliminary injunction via NFT and plaintiff's service website. *Id*. at 1. Other courts have granted similar motions in cases involving facts nearly identical to those in the present matter. *See e.g.*, *Bandyopadhyay v. Defendant "1"*, No. 22-CV-22907, 2022 WL 17176849, at *3 (S.D. Fla. Nov. 23, 2022) (granting service via NFT and website posting); *Bowen v. Li*, No. 23-CV-20399, 2023 WL 2346292, at *3 (S.D. Fla. Mar. 3, 2023) (in a cryptocurrency theft case similar to this

case, the court granted plaintiff's motion for alterative service pursuant to Fed.R.Civ.P. 4(f)(3) allowing service of complaint, summons and all other filings via NFT and web posting). *See also LCX AG v. John Doe Nos. 1-25*, No. 154644/2022 (Sup. Ct. N.Y. Co. – Filed 06/27/2022);[3] *Astrove v. Doe*, No. 22-CV-80614-RAR, 2022 WL 4594180, at 2 (S.D. Fla. May 31, 2022) (granting motion to serve subpoenas via email on non-party FTX Witnesses).

Finally, Plaintiff believes Defendant 1 is likely located outside of the United States.[4] Service in the manner proposed by Plaintiff is not prohibited by international agreement. The United States is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). The Hague Service Convention does not preclude the court from authorizing service of process via electronic means, e.g., via NFT or posting on a designated website. Thus, here, there are no international agreements prohibiting service by blockchain NFT service or posting on a designated website.

As such, the Court finds the service proposed by Plaintiff is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Brookshire Bros., Ltd.,* 2007 WL 1577771, at 1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)); *see also TracFone Wireless, Inc.,* 278 F.R.D. at 692; *Rio Props., Inc.,* 284 F.3d at 1016.

Accordingly, Plaintiff's Motion, ECF No. 9, is GRANTED. Plaintiff is authorized to serve Defendants as follows:

---

[3] *See LCX AG vs. John Doe Nos. 1-25 | Holland & Knight* (*https://www.hklaw.com/en/general-pages/lcx-ag-v-doe*). Last accessed: December 7, 2023.
[4] ECF No. 1.

(1) Via blockchain transfer of Plaintiff's NFT to Defendants' Crypto Wallet addresses (providing Notice, Summons language, and Plaintiff's Website address https://usdccourtservice.com/cv-03097/;

(2) Via direct message to Defendants WhatsApp accounts to +1(646)732-3482, +1(202)271-0798, and +1(870)732-3482;

(3) Via website posting by posting a copy of the Summons, Complaint, and all filings in this matter on Plaintiff's Website appearing at the URL https://usdccourtservice.com/cv-03097/.

**DONE and ORDERED this** \_\_\_\_18th\_\_\_\_ **day of** \_\_September\_\_ 2025

_____
GEORGE C. HANKS, JR
UNITED STATES DISTRICT JUDGE